# Alice Agnew, Admrx., Appt., *v.* Susannah Frost et al.

Where a husband in accordance with the terms of a deed of separation,. executed under seal and as a compromise of family difficulties, conveyed and assigned to his wife a portion of his estate, and subsequently died insolvent, leaving debts contracted after the separation, his legal representatives have no right to claim that the property conveyed shall be reassigned to them in order to pay his debts and funeral expenses.

(Argued January 9, 1888. Decided January 23, 1888.)

January Term, 1887, No. 409, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas No. 1 of Philadelphia County dismissing complainant's bill, wherein she prayed for a conveyance and delivery to her, as administratrix of William Frost, deceased, of the property in the hands of the defendant, which she alleged was the property of the deceased. Affirmed.

The material allegations of the bill and answer are set out in the opinion of the court below.

A master was appointed who recommended a decree in accordance with the prayer of the bill.

To this report numerous exceptions were filed which the court sustained, ALLISON, P. J., filing the following opinion:

This case comes before us on exceptions to the master's report.

The bill charges that personal property, consisting of household furniture, moneys, bonds, etc., are in the possession of Susannah Frost, the widow of the decedent, and one William Allen, who holds the same for her use and benefit, which property, it is charged, belonged to her husband at the time of his death, and is liable for the payment of his just debts and funeral expenses. The plaintiff prays that the defendants make full discovery as to said property, and that they assign and transfer the same to the administratrix, plaintiff.

The answer of Susannah Frost to the material averments of

NOTE.—For transactions between husband and wife as constituting fraud upon creditors, see note to Tibbin v. Jones, 2 Sad. Rep. 526. As to postnuptial agreements, see note to Reamey v. Bayley, 7 Sad. Rep. 239.

the bill is a full and direct denial of the possession of property of any kind, or by William Allen, which at the time of his death, belonged to her late husband, William Frost; and, in answer to the interrogatories, she says that there was a written agreement of separation dated July 15, 1875, which was carried into immediate effect, she having lived separate and apart from her husband for a long time before the execution of the agreement, and continued so to live up to the time of his death. The husband covenanted by these articles for continued separation of his wife without molestation by him, and also that he would not at any time thereafter claim or demand any of the moneys and other property which she then had in her possession, or which she might thereafter acquire, and that she "may enjoy and absolutely dispose of the same as if she were a *feme sole* and unmarried."

The answers of Mrs. Frost to the interrogatories show that at the time of the execution of the agreement, real estate conveyed to her by her husband, the title to which was in her name, was by mutual consent divided between them. Two small houses were conveyed to Joseph Shaw in trust for her; she also received $2,682.12 in money, her share of the proceeds of property sold and divided equally by the husband and the wife.

The widow and Shaw, trustee, were called by the plaintiff as witnesses to support the material allegations set forth in the bill; and their testimony agrees substantially with the statements of Mrs. Frost as to the amount of property which she says in her answers she received upon the parting of the estate, at or about the time of the execution of the agreement of separation.

[The matters in controversy are, we hold, to be determined upon ascertaining whether the agreement of separation is valid and effectual as between the parties to it.] [1] That it is to be regarded as binding on both the husband and those claiming under him and the wife is now the well-settled law of Pennsylvania. It was long the established doctrine of courts of equity that separation of husband and wife by agreement was contrary to policy and good morals, and would not be enforced. 2 Story, Eq. § 1427.

In the case of Bowers v. Clark, 1 Phila. 561, the cases are cited which show a departure from this doctrine by the English courts. The authorities, English and American, are referred

to in which the principle was long maintained, that articles of separation between husband and wife, without the intervention of trustees, were regarded as utterly void. But the English courts have receded from this ground also, in the cases of Guth v. Guth, 3 Bro. Ch. 614; and Frampton v. Frampton, 4 Beav. 294.

Nor will articles be invalidated where there is no covenant by a trustee to indemnify the husband against the wife's debt. Fitzer v. Fitzer, 2 Atk. 511; Westmeath v. Westmeath, Jac. 126.

In our own state the validity of such agreements is recognized, even without the intervention of a trustee. In Hutton v. Hutton, 3 Pa. St. 100, Judge ROGERS remarks that deeds for the separation of husband and wife are valid and effectual, both at law and in equity, where they are reasonable, and immediately to take effect. Where they have been consummated they are to be upheld.

To the same effect are Dillinger's Appeal, 35 Pa. 357; Hitner's Appeal, 54 Pa. 110. In the one case the widow's claim for $300 was disallowed, and in the other, a claim for dower was refused. In both instances the applicants were remitted to their agreements of separation.

In the recent case of Burkholder's Appeal, 105 Pa. 31, the court held that a postnuptial contract, the main object of which was the settlement of differences between husband and wife, is founded on a sufficient consideration. The decision recognizes the principle cited from Bispham's Equity, § 189, that family compromises, especially if they are made in good faith and with full disclosure, are favored in equity, and may be sustained by the court. The learned author might have said that in Pennsylvania such agreements will be supported in equity where there is nothing to impeach the integrity of the transaction.

In the case before us, as in Burkholder's Appeal, the agreement is under seal, which imports a consideration, and throws the burden of proof on those who attack it. In that case the agreement was in compromise and settlement of family difficulties; and in the agreement of William and Susannah Frost it is recited that "whereas, unhappy differences have lately arisen between the said William and Susannah, and they have mutually agreed to live separate and apart from each other, and previous to the said separation he, the said William Frost, hath consented thereto."

In these respects both cases contain the same material ele-

ments, and the principle settled by the supreme court ought to be regarded as decisive against the claim of the plaintiff in the present case. [Especially is this so when the fact appears that the plaintiff, by the testimony called to support the bill, has proved that all the property now in possession of Mrs. Frost is the identical property given by the husband to a trustee, to be held for the wife in compromise of family disputes, of a domestic nature, and relating also to property conveyed by the husband to the wife, which was compromised by the agreement of separation, which was carried out in good faith, the wife dividing with the husband the property standing in her name, and the husband setting apart the property now in dispute in trust for the sole benefit of the wife.] [2]

It is not pretended that the rights of creditors as of the date of the agreement are at all involved in the present dispute. It does not appear that there were creditors of William Frost at the time; the presumption is there were none, in the absence of proof or even of assertion to the contrary.

This view of the law as applicable to the facts of the case requires us to hold that the master has placed his decision on grounds that cannot be maintained. [The property in dispute is in no proper legal sense the property of the estate of the decedent, but is wholly and absolutely the property of Susannah Frost, and is therefore not liable for the payment of the husband's debts contracted a short time before his death, or for the payment of his funeral expenses.] [3]

[Exceptions to the report of the master are sustained, and the bill dismissed.] [4, 5] The costs of the proceeding to be paid by the plaintiff.

A decree was entered in accordance with this opinion.

Complainant took this appeal, specifying for error: (1–3) The portions of the opinion inclosed in brackets; (4) the sustaining of the exceptions; and (5) the dismissal of the bill.

*George W. Haskins,* for appellant.—It is true the agreement of separation is mentioned in the answer of the defendant, Susannah Frost, to the interrogatories; and what purports to be a copy of it is attached thereto, and there is in her testimony a reference to the fact that "a paper was drawn up between us, for a separation;" but the agreement itself was never produced

or offered in evidence before the examiner, or at any stage of the cause, nor its execution or character properly proven or established in any way; and its existence as a fact in this case is, therefore, a purely gratuitous assumption, unwarranted by the testimony, and should be eliminated from the case and discarded from any consideration whatever. It was not a part of plaintiff's case accidentally omitted from the bill, but was new matter in the answers in confession and avoidance, putting the burden of proof of the agreement on those averring it. Eaton's Appeal, 66 Pa. 483.

Now it will hardly be contended that if there were no articles of separation, the claim of the administratrix to this property could be defeated, except by absolute proof of ownership by the widow, either by gift, bequest, settlement, or purchase. Wilson v. Silkman, 97 Pa. 513.

To the same effect is McDermott's Appeal, 106 Pa. 358, 51 Am. Rep. 526, and numerous other decisions; and it may be considered as a well-settled rule of law that a widow cannot claim, as against the estate of her husband, without this positive proof of separate ownership.

*Dolman & Dolman,* for appellees.—William Frost and his wife had lived separate for from five to twelve years previous to his death, during all of which time (for anything that appears to the contrary), Susannah Frost had "open, visible, notorious, and exclusive" possession of all the property in controversy.

The rule in Gamber v. Gamber, 18 Pa. 363, cannot apply to such a case, even if the rights of creditors were in question.

In Wilson v. Silkman, 97 Pa. 513, cited by appellant, the court said: "The husband is presumed to be the owner of the property of which he and his wife have joint possession."

In Sawtelle's Appeal, 84 Pa. 310, a married woman died possessed of government bonds and cash to the amount of $2,790. Her husband was her administrator. He claimed it as his, and it was argued that her estate must prove her ownership strictly in accordance with the rule laid down in Gamber v. Gamber, and subsequent cases relating to contests between the wife and creditors of the husband; but the court says: "They insist that the stringent rule of proof established in Gamber v. Gamber, 18 Pa. 363, and kindred cases in regard to contests between creditors and the wife of their debtor as to property claimed by

her, should be applied in cases like the present. We do not think so. The reasons for the rigid rule in the former class of cases do not exist in the latter; and in the absence of the special reasons upon which the rule they contend for is founded, cases like the present should stand upon the ordinary rule."

What are the reasons for that rule? In Wilson v. Silkman, 97 Pa. 513, GORDON, J., said: "She must affirmatively establish that fact; and this, not only because of the ease with which the husband's creditors might otherwise be defrauded, but because ordinarily it is impossible for her to have a possession separate and distinct from her husband. . . . Such possession being usually attributed to the husband, a presumption of his ownership naturally follows, by which his credit is increased." See also Keeney v. Good, 21 Pa. 349.

Where the husband voluntarily puts property in the name of his wife, as to him and his representatives, it is her property.

Where property is paid for by the husband, and title taken in the wife's name, the law presumes that a gift was intended; and when the husband alleges a trust for himself, he takes the burden of establishing it and must show all the essential requisites of that trust, by evidence, clear, explicit and unequivocal. Earnest's Appeal, 106, Pa. 310; Sawtelle's Appeal, 84 Pa. 310.

The answer in this case, being entirely responsive to the bill, and positively denying that defendant has any property in her hands belonging to her late husband, is conclusive, unless more than one witness testifies to the contrary.

If an answer be responsive to the allegations of the bill, the oath of a single witness is not sufficient to overcome it; there must be another witness, or corroborating circumstances. Horton's Appeal, 13 Pa. 67; Greenlee v. Greenlee, 22 Pa. 225; Paul v. Carver, 24 Pa. 207, 64 Am. Dec. 649; Pusey v. Wright, 31 Pa. 387; Hassler v. Bitting, 40 Pa. 68; Slemmer's Appeal, 58 Pa. 155, 98 Am. Dec. 248.

The act making parties competent witnesses has not changed the rule that there must be two disinterested witnesses to overcome the effect of a responsive answer. Campbell v. Patterson, 95 Pa. 447; Kennedy v. Wentz, 1 Kulp, 428.

In this case no witness at all overcomes the effect of the answer. All the evidence produced sustains it.

PER CURIAM:

The opinion of the learned judge of the court below contains so complete a statement of the law, and so well applies it to the facts in the case in hand, that nothing remains for us but to concur in that opinion.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.